IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN BOREMAN,

      Plaintiff,

v.                                         Civil Action No. 5:07CV155
                                                       (STAMP)
UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE**
**MOTION TO RE-SET DISPOSITIVE MOTION DEADLINES,**
**GRANTING DEFENDANT'S MOTION TO FILE A REPLY OUT OF TIME**
**AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

The plaintiff, John Boreman ("Boreman"), asserts a personal injury claim under the Federal Tort Claims Act for injuries that he suffered from a fall which occurred on the premises of the United States Post Office located at 717 Marshall Street, in McMechen, Marshall County, West Virginia ("McMechen Post Office"). The defendant, the United States of America ("the Government"), filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, to which Boreman timely replied. The Government then filed a memorandum which was docketed as a reply in support of the Government's motion for summary judgment but which was styled, "Defendant's Reply to Plaintiff's Response to the Motion to Re-set Dispositive Motion Deadlines." The content of the Government's memorandum, in fact, pertained to the Government's earlier motion

to re-set dispositive deadlines ("the re-set deadlines motion"), which had already been granted. The following day, Boreman filed a motion to strike the Government's reply in support of its re-set deadlines motion. The Government then filed a motion, styled "Motion to File a Reply Out of Time," which was docketed as a motion for an extension of time to file a reply in support of the Government's motion for summary judgment. The plaintiff filed a response in opposition to the Government's motion for leave to file a reply out of time.

These matters have now been fully briefed by the parties and are ripe for disposition. Following review of the parties' various pleadings, the responses and replies thereto, and the relevant law, this Court finds, for the reasons stated below, that Boreman's motion to strike the Government's reply to Boreman's response to the motion to re-set dispositive motion deadlines (Doc. 45) must be denied as moot; that the Government's motion to file a reply out of time (Doc. 46) should be granted; and that the Government's motion for summary judgment (Doc. 36) must be denied.

## II. Facts

The events giving rise to this action occurred on or about December 14, 2004, at the McMechen Post Office. Boreman alleges that as he entered the post office, he slipped and fell, resulting in physical and emotional injury. He further alleges that his fall was caused by unsafe wet and slippery conditions of the entry

passage and the floor of the post office and that the Government negligently failed to keep that area in a safe condition. Accordingly, Boreman filed this suit against the Government pursuant to the Federal Tort Claims Act on or about November 27, 2007. Boreman seeks monetary damages in the amount of $1,200,000.00, and attorney's fees and costs.

In its motion for summary judgment, the Government does not dispute that Boreman fell in the lobby of the McMechen Post Office or that he suffered injuries as a result of his fall. However, the Government contends that the floor was in a dry and safe condition when Boreman entered and that, consequently, the conditions of the floor could not have caused Boreman to slip and fall.

In support of this argument, the Government provides sworn statements of four postal employees who were on duty and in a position to observe the lobby throughout the day on December 14, 2004. In their affidavits, these individuals state that the lobby floor was dry and free of water.

The Government also provides the sworn statement of the contract cleaner on duty on December 14, 2004. In her affidavit, this individual states that she began cleaning at approximately 1:00 p.m. on that date and finished at approximately 2:30 p.m. She further states that she dry-mopped the lobby floor and vacuumed the rugs on that date, that she detected no water, and that the floor and the rugs (which she states were lying flat) were dry.

Finally, the Government points to Boreman's deposition testimony in support of the Government's assertion that the floor was indisputably dry. In his deposition, Boreman testified that although he believed there was water on the floor which caused him to fall, he could not in fact recall whether the floor was indeed wet.

In response, Boreman contends that sufficient evidence exists to create a genuine issue of material fact concerning the Government' s liability, particularly the condition of the floor. In support, Boreman points to the answers he provided to the Government's Interrogatory Nos. 2, 6, and 9. Specifically, in his response to Interrogatory No. 2, Boreman states that as he entered the lobby, he took one step, and "was caused to fall down by the unsafe, dangerous, hazardous, wet and slippery condition of the tile floor." (Pl.' s Resp. to Def.'s Mot. for Summ. J. Ex. A at 3.) In his response to Interrogatory No. 6, Boreman states that, "the tile floor was unsafe, dangerous, hazardous, wet and slippery," that, "there were no warning signs or cones present to alert the plaintiff to the said condition, no employee or agent of the defendant verbally warned the plaintiff of the said condition, and the area was not roped off," and that, "[t]he wet and slippery tile floor within the post office without proper warning presented an extremely hazardous, unsafe, and dangerous condition to Mr. Boreman." (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. A at

4

11-12.)  Boreman's answer to Interrogatory No. 9 states that, in Boreman's opinion, the Government "should have monitored and inspected the tile floor of the post office to detect and remedy the unsafe, dangerous, hazardous, wet and slippery condition of the tile floor, especially considering the time of year, weather conditions . . . , and the type of floor surface."  (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. A at 14.)

In addition to the interrogatory answers he provided to the Government, Boreman also points to the deposition testimony of his daughter, Tracey Boreman.  Tracey Boreman testified that she was at the McMechen Post Office twice on December 14, 2004, once around noon and once approximately five minutes after her father fell.  She testified that at both times, she found the floor to be wet.  (Def.'s Mot. for Summ. J. Ex. 18; Tr. pgs. 17, 23-24, 30-33, 45-47, 51.)

According to Boreman, this evidence is sufficient to survive the Government's motion for summary judgment.

### III.  Legal Standard

A.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Negligence

Under West Virginia law, "[t]he owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition."[1] Burdette v. Burdette, 127 S.E.2d 249, 252 (W. Va. 1962) (internal citations omitted). However, a business owner or occupant "is not an insurer of the safety of an invited person present on [the business] premises and, if such owner or occupant is not guilty of actionable negligence or willful or wanton

---

[1] A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business. Burdette v. Burdette, 127 S.E.2d 249, 252 (W. Va. 1962).

7

misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person." Id.

In a slip and fall case involving an invitee, a plaintiff must show two elements to make out a prima facie claim for negligence: (1) that the business owner had actual or constructive knowledge of the presence of a foreign substance or defective condition on the premises; and (2) that the invitee did not know that the foreign substance or defective condition was present or that the invitee was prevented by the owner from discovering it. McDonald v. University of West Virginia Bd. of Tr., 444 S.E.2d 57, 60 (W. Va. 1994). Merely showing that the plaintiff fell on the business premises is insufficient to prove negligence. Id. Where, as is alleged in this action, the fall is caused by an extrinsic or foreign substance making the floor slippery, "it must be shown that the owner . . . knew or had reasonable opportunity to know that the floor was in an unsafe condition." Wendell v. Murphy, 70 S.E.2d 252 (W. Va. 1952).

## IV.  Discussion

A. Defendant's Motion for Summary Judgment

The parties do not dispute that the relationship between Boreman and the McMechen Post Office was that of invitee and business owner or occupant. In this action, Boreman does not allege willful or wanton misconduct or the presence of a nuisance. Rather, Boreman claims that the Government is guilty of negligence.

8

This Court finds that genuine issues of material fact exist concerning the condition of the floor in the McMechen Post Office and the Government's reasonable opportunity to know about it. The deposition testimony of Tracey Boreman provides evidence sufficient to put into controversy the affidavit evidence of the postal employees and the contract cleaner submitted by the Government which suggests that the floor was dry. That Boreman, at the time of his deposition, did not recall the condition of the floor when he fell does not negate other evidence in the record upon which Boreman relies suggesting that the floor was wet and slippery. Because Boreman has alleged sufficient facts in his pleadings and the accompanying discovery materials to demonstrate genuine issues of material fact regarding the condition of the McMechen Post Office floor and the Government's reasonable opportunity to know about it, the Government's motion for summary judgment must be denied.

B.  <u>Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to the Motion to Re-set Dispositive Motion Deadlines and Defendant's Motion to File a Reply Out of Time</u>

On January 9, 2009, the Government filed a motion to re-set the deadlines established by the governing scheduling order for filing dispositive motions. Boreman timely responded on January 12, 2009. This Court granted the Government's motion on January 13, 2009. On February 10, 2009, apparently in error, the

Government filed its reply in support of the already-decided motion to re-set when it intended to file its reply to the plaintiff's response to the Government's motion for summary judgment. Boreman moved to strike the reply. Because this Court had previously granted the motion to re-set, the Government's reply was not considered, and Boreman's motion to strike is moot. Accordingly, the motion to strike will be denied.

As noted above, the Government erroneously filed a reply in support of its earlier motion to re-set deadlines when it intended to file its reply in support of its motion for summary judgment. Within three days of the deadline for filing the summary judgment reply memorandum, the Government sought leave of court to file that reply memorandum out of time. Boreman opposes that motion. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a court has discretion to modify a scheduling order for good cause. See Fed. R. Civ. P. 16(b)(4). This Court finds that the Government has shown good cause for its failure to comply with the scheduling order deadline. Moreover, Boreman will not be prejudiced by the three-day delay. Therefore, this Court will grant the Government's motion for leave to file a reply out of time (docketed as "Motion for Extension of Time to File Response/Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment").

V. <u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to strike the defendant's reply to the plaintiff's response to the motion to re-set dispositive motion deadlines is DENIED AS MOOT. Further, the defendant's motion to file a reply out of time is GRANTED. Finally, the defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

The Clerk is directed to re-file Docket No. 47 as the Government's reply to plaintiff's response to defendant's motion for summary judgment. The Clerk is further directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 20, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE