```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOHN BOREMAN,

       Plaintiff,

v.                                      Civil Action No. 5:07CV155
                                                    (STAMP)

UNITED STATES OF AMERICA,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION IN LIMINE
## (ADMISSIBILITY OF MEDICAL RECORDS)

Pending before this Court is defendant's motion in limine (admissibility of medical records) (Doc. 53) in which defendant United States of America requests that this Court rule on the admissibility of medical records documenting dizzy spells, syncopal episodes and falls in the months and years preceding the plaintiff's December 14, 2004 fall.

Defendant contends that these records would not be offered to show that the fall on December 14, 2004 was caused by any particular medical condition but rather would be offered to establish that the plaintiff had a propensity to fall as shown by a record of dizziness and syncope[1] experienced by plaintiff John Boreman during the months and years prior to his fall as documented by the medical records of Wheeling Hospital. Plaintiff in response

---

[1]Syncope - "A temporary suspension of consciousness due to generalized cerebral ischemia; a faint or swoon." Dorland's Medical Dictionary 1747 (29th ed. 2000).

to this motion (Doc. 60) claims that such evidence would not be relevant under Federal Rule of Evidence 401 and would be outweighed by unfair prejudice, confusion of the issues, misleading the factfinder, undue delay and waste of time pursuant to Federal Rule of Evidence 403.  Plaintiff asserts that the defendant has failed to designate a medical expert witness that plaintiff Boreman suffered from some preexisting medical condition that caused his fall or that he had any alleged propensity to fall.  These matters were deferred to the trial of this case and at the conclusion of the trial, the defendant's exhibits which reflected these medical records were reviewed again with counsel by this Court.

Following the trial on March 24, 2009, the plaintiff, on April 17, 2009, filed a supplemental response to defendant's motion in limine (admissibility of medical records) reasserting, based upon trial testimony, that such records would not be relevant again based upon the defendant's failure to designate a medical expert and the failure of the government to introduce any testimony or evidence at trial that plaintiff's fall was caused by any alleged propensity to fall or by dizzy spells, syncopal episodes or other physical conditions.  Admissibility of such medical records was deferred pending further review of the records and the Court's findings on this subject.

As noted by this Court in its Findings of Fact and Conclusions of Law, this Court believes that such medical records are not

relevant particularly as they relate to any dizziness on prior occasions as well as any alleged propensity to fall. Consequently, the defendant's exhibits relating to these medical records were not admitted. Therefore, defendant's motion in limine (admissibility of medical records) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 24, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE